Julie A. Mersch, Esq.
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
701 S.7th Street
Las Vegas, NV  89101
(702) 387-5868
Fax (702) 387-0109
jam@merschlaw.com
*Attorney for Plaintiff Elizabeth Marcuse*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH MARCUSE, | CASE NO.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POST JUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS** |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY AND GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ACADIA HEALTHCARE COMPANY, INC., | |
| Defendants. | |

Plaintiff Elizabeth Marcuse herein sets forth the allegations of her Complaint against Lincoln National Life Insurance Company and Group Long Term Disability Insurance for Employees of Acadia Healthcare Company, Inc. (hereinafter sometimes referred to as "Defendants").

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1.      Plaintiff brings this action for declaratory and monetary relief pursuant to §§502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132(a), (e), (f) and (g), as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

COMPLAINT                                          1

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

3. Plaintiff was at all times relevant an employee of Acadia Healthcare Company, Inc. and resident of Las Vegas, Nevada.

4. Plaintiff is informed and believes that defendant, Lincoln National Life Insurance Company (hereinafter "Lincoln"), is a corporation with its principal place of business in the State of Indiana, authorized to transact and transacting business in the District of Nevada – Las Vegas and can be found in the District of Nevada – Las Vegas.

5. Plaintiff is informed and believes that Acadia Healthcare Company, Inc. insured its LTD Plan via the purchase of a group long term disability policy issued by defendant Lincoln.

6. Plaintiff is informed and believes that Lincoln identifies the group long term disability policy it issues to Acadia Healthcare Company, Inc. as Policy Number 00001014732300000.

7. Plaintiff is informed and believes that the Policy was intended by Acadia Healthcare Company, Inc. and Lincoln to insure citizens of the State of Nevada, including plaintiff herein, Elizabeth Marcuse.

8. At some or all relevant times, Defendant was a fiduciary of the LTD Plan within the meaning of ERISA §3(21), 29 U.S.C. §1001(21), in that Lincoln acted as a claims fiduciary for the LTD Plan, and exercised authority and control over the payment of long-term disability benefits, which are assets of the LTD Plan. Lincoln is also the "appropriate named fiduciary" of the LTD Plan as described in 29 C.F.R. §2560.503(h)(1).

COMPLAINT 2

9. Defendants operate and, at all relevant times, have done business in this judicial district, in that they cover participants who reside in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**
**AGAINST LINCOLN NATIONAL LIFE INSURANCE COMPANY AND GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ACADIA HEALTHCARE COMPANY, INC. FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS (29 USC § 1132(a)(1)(B))**

10. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

11. At all times relevant, Plaintiff was employed by Acadia Healthcare Company, Inc., and was a covered participant under the terms and conditions of the LTD Plan. The Acadia LTD plan was insured by Defendant Lincoln, and Lincoln was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

12. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

13. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Lincoln for LTD benefits under the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan. Plaintiff's medical leave resulting from her disabling condition commenced on or about May 4, 2015.

14. Plaintiff was approved for short term benefits under her employer's plan and thereafter became eligible for LTD benefits. On or about August 2, 2015, plaintiff's LTD benefits began.

15. On or about October 14, 2015, Lincoln wrote to the Plaintiff advising her that

her benefits had been terminated effective August 21, 2015.

16.     Plaintiff appealed the denial in a timely manner. On or about May 6, 2016, Lincoln rendered its decision on appeal, upholding the original denial of benefits and giving Ms. Marcuse the opportunity to file a second level final administrative appeal.

17.     On December 27, 2016, Plaintiff again appealed Lincoln's denial.

18.     On June 12, 2017, Lincoln upheld its original denial determining that it prior decision terminating benefits effective August 21, 2015 was correct.

19.     Lincoln and the Plan have breached the LTD Plan and violated ERISA in the following respects:

(a)     Failing to pay LTD benefit payments to Plaintiff at a time when Lincoln and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits.  Even though Lincoln and the Plan had such knowledge, Lincoln denied Plaintiff's LTD benefits;

(b)     Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c)     After Plaintiff's claim was denied in whole or in part, Lincoln failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d)     Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

20.     Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future

COMPLAINT                                    4

litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

21.    Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

22.    As a proximate result of the aforementioned wrongful conduct of Lincoln, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23.    As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

24.    The wrongful conduct of Lincoln has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.    Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2.    An order declaring that Plaintiff is entitled to immediate payment of all past due benefits, reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

COMPLAINT                                    5

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.

DATED:  October 18, 2017.

LAW OFFICE OF JULIE A. MERSCH

By:    /s/ Julie A. Mersch
           JULIE A. MERSCH
           jam@merschlaw.com
           Nevada Bar No.: 004695
           701 S. 7th Street
           Las Vegas, NV 89101
           *Attorney for Plaintiff Elizabeth Marcuse*

COMPLAINT                                            6