JONATHAN CARLSON, Nevada Bar No. 10536
jonathan.carlson@mccormickbarstow.com
MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH
8337 West Sunset Road, Suite 350
Las Vegas, NV 891113
Telephone: (702) 949-1100
Facsimile: (702) 949-1101

DOUGLAS A. SCULLION (*pro hac vice forthcoming*)
doug.scullion@dentons.com
ANNA S. YOUSSEFI (*pro hac vice forthcoming*)
anna.youssefi@dentons.com
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone: (415) 267-4000
Facsimile: (415) 267 4198

ATTORNEYS FOR DEFENDANT
THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH MARCUSE, | Case No. 2:17-cv-02683-JCM-VCF |
| Plaintiff, | |
| v. | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY AND GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ACADIA HEALTHCARE COMPANY, INC., | **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT** |
| Defendants. | |

Defendant The Lincoln National Life Insurance Company ("Lincoln") hereby answers

Plaintiff Elizabeth Marcuse's Complaint in this action and states as follows:

///

///

CASE NO:  2:17-cv-02683-JCM-VCF
- 1 -

**PRELIMINARY STATEMENT**

The Complaint does not describe the alleged underlying claims with sufficient particularity to enable Lincoln to determine all of its legal, contractual and equitable rights. Accordingly, Lincoln reserves the right to amend and supplement the averments of this Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiff's Complaint.

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1. Answering Paragraph 1, Lincoln admits this case arises under ERISA and the subject plan is an ERISA Plan. Lincoln further admits jurisdiction is predicated on 29 USC sections 1132(a)(e)(f) and (g) and 28 U.S.C. section 1331. Lincoln further admits Plaintiff seeks the relief described in Paragraph 1 but denies Plaintiff is entitled to such relief or any other relief requested.

2. Answering Paragraph 2, Lincoln admits Plaintiff seeks the relief described in Paragraph 2 but denies Plaintiff is entitled to such relief or any other relief requested.

3. Answering Paragraph 3, on information and belief, Lincoln admits the allegations therein.

4. Answering Paragraph 4, Lincoln admits it is an Indiana corporation with its principal place of business in Radnor, Pennsylvania and admits it is authorized to transact and transacts business in the District of Nevada. Except as so admitted, Lincoln denies the allegations in Paragraph 4.

5. Answering Paragraph 5, Lincoln admits the allegations therein.

6. Answering Paragraph 6, Lincoln admits the Group Long Term Disability Policy it issued to Acadia Healthcare Company, Inc. is policy number 000010147323.

7. Answering Paragraph 7, Lincoln states the Policy speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of the Policy, Lincoln denies the allegations in Paragraph 7.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

8.    Answering Paragraph 8, Lincoln states the allegations in Paragraph 8 state legal conclusions to which no response is required.   To the extent a response is required, Lincoln denies the allegations in Paragraph 8.

9.    Answering Paragraph 9, Lincoln admits venue is proper in this judicial district pursuant to 29 U.S.C. section 1132(e)(2).  Except as so admitted, Lincoln denies the allegations in Paragraph 9.

**FIRST CLAIM FOR RELIEF AGAINST THE LINCOLN NATIONAL LIFE INSURANCE COMPANY AND GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ACADIA HEALTHCARE COMPANY, INC. FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS (29 USC §1132(a)(1)(B)**

10.    Answering Paragraph 10, Lincoln incorporates its responses contained in all of the preceding paragraphs of this Answer.

11.    Answering Paragraph 11, Lincoln admits the allegations therein.

12.    Answering Paragraph 12, Lincoln admits it paid LTD benefits to Plaintiff under the Policy for the period August 2, 2015 to August 21, 2015.  Except as so admitted, Lincoln denies the allegations in Paragraph 12.

13.    Answering Paragraph 13, Lincoln admits Plaintiff submitted a claim for LTD benefits under the Policy and further admits Lincoln paid LTD benefits to Plaintiff under the Policy for the period August 2, 2015 to August 21, 2015.  Lincoln further admits Plaintiff's disability commenced on May 4, 2015.  Except as so admitted, Lincoln denies the allegations in Paragraph 13.

14.    Answering Paragraph 14, Lincoln admits it paid short term disability benefits to Plaintiff for the maximum benefit period under the Group Short Term Disability Policy it issued to Acadia Healthcare Company, Inc.  Lincoln further admits it approved LTD benefits starting August 2, 2015.

15.    Answering Paragraph 15, Lincoln admits the allegations therein.

16.    Answering Paragraph 16, Lincoln admits Plaintiff submitted an appeal letter on or about March 2, 2016. Lincoln further admits it upheld its denial of Plaintiff's LTD claim by letter

- 3 -

LINCOLN'S ANSWER TO COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

dated May 6, 2016, and states the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of this letter, Lincoln denies the allegations in Paragraph 16.

17.   Answering Paragraph 17, Lincoln admits the allegations therein.

18.   Answering Paragraph 18, Lincoln admits it upheld its denial of Plaintiff's LTD claim by letter dated June 12, 2017, and states the letter speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations are contrary to the contents of this letter, Lincoln denies the allegations in Paragraph 18.

19.   Answering Paragraph 19 and sub-paragraphs (a) through (d) inclusive, Lincoln denies the allegations therein.

20.   Answering Paragraph 20, Lincoln denies the allegations therein.

21.   Answering Paragraph 21, Lincoln admits Plaintiff has exhausted her administrative remedies under the LTD Policy.  Lincoln lacks lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21, and on that basis denies each and every remaining allegation contained therein.

22.   Answering Paragraph 22, Lincoln denies the allegations therein.

23.   Answering Paragraph 23, Lincoln states 29 U.S.C. section 1132(g)(1) speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations are contrary to the contents of 29 U.S.C. section 1132(g)(1), Lincoln denies the allegations.  Lincoln denies the remaining allegations in Paragraph 23.

24.   Answering Paragraph 24, Lincoln admits Plaintiff seeks the relief described in Paragraph 24 but denies Plaintiff is entitled to such relief or any other relief requested.  Lincoln denies the remaining allegations of Paragraph 24.

## REQUEST FOR RELIEF

Answering Paragraphs 1-6 of Plaintiff's prayer for judgment, Lincoln denies Plaintiff is entitled to any relief set forth therein.

///

///

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## DENIAL OF ALLEGATIONS NOT EXPRESSLY ADMITTED

Lincoln denies all allegations of the Complaint not expressly and specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Facts)

The Complaint and each purported cause of action therein fails to state facts sufficient to set forth a claim for relief against Lincoln.

### SECOND AFFIRMATIVE DEFENSE

#### (Offset)

If Plaintiff is entitled to payment of any benefits, any such payment must be reduced and offset by any and all other benefits, as defined in the Policy.

### THIRD AFFIRMATIVE DEFENSE

#### (Contractual Defenses)

To the extent the terms and/or provisions of the Policy provide contractual defenses not specifically set forth herein, Lincoln reserves the right to assert those terms and/or provisions as defenses at anytime throughout this proceeding and incorporates by reference any potentially applicable terms or provisions into this response.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

Plaintiff's causes of action are barred due to Plaintiff's failure to exhaust the administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

#### (Limited Remedy)

Lincoln denies any liability however, in the event benefits are awarded to Plaintiff, Plaintiff's remedies are limited under ERISA.

///

///

CASE NO. 2:17-cv-02683-JCM-VCF

- 5 -

LINCOLN'S ANSWER TO COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## SIXTH AFFIRMATIVE DEFENSE

### (Remand)

If the decision to deny Plaintiff's benefits is found to have been incorrect, Plaintiff's claim must be remanded to Lincoln for determination of the amount and extent of benefits to which Plaintiff may be entitled.

## SEVENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Plaintiff fails to plead claims with sufficient particularly to permit Lincoln to determine all applicable defenses. Lincoln reserves the right to allege additional affirmative defenses as they discover facts or circumstances supporting those affirmative defenses through discovery or otherwise.

WHEREFORE, Lincoln prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint on file herein;

2. That Plaintiff's claims be dismissed;

3. That Lincoln be awarded its costs of suit incurred herein; and

4. For such other relief as the Court may deem just and proper.

Dated: December 19, 2017

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH

By: /s/ Jonathan Carlson

Jonathan Carlson, Esq.
Nevada Bar No.: 10536
8337 W. Sunset Rd., Ste. 350
Las Vegas, NV 89113
(702) 949-1100
Attorneys for Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

105722458

CASE NO. 2:17-cv-02683-JCM-VCF

- 6 -

LINCOLN'S ANSWER TO COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2017, a true and correct copy of **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

### SERVICE LIST

Julie A. Mersch, Esq.
Nevada Bar No. 4695
Law Office of Julie A. Mersch
701 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 387-5868
Facsimile: (702) 387-0109
jam@merschlaw.com
*Attorneys for Plaintiff*

Anna Shiran Youssefi
Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612-4709
Telephone: (415) 882-0151 direct
Facsimile: (415) 882-0300
anna.youssefi@dentons.com
*Co-Counsel for Defendant Lincoln National Life Insurance Company*

By _____
Tricia A. Dorner, an Employee of
MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

CASE NO. 2:17-cv-02683-JCM-VCF

- 7 -

LINCOLN'S ANSWER TO
COMPLAINT