Julie A. Mersch
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
701 S.7th Street
Las Vegas, NV  89101
(702) 387-5868
Fax (702) 387-0109
jam@merschlaw.com

Andrew M. Kantor *(appearing pro hac vice)*
California Bar No. 303093
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272
akantor@kantorlaw.net

*Attorney for Plaintiff Elizabeth Marcuse*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH MARCUSE,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY AND GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ACADIA HEALTHCARE COMPANY, INC.,<br><br>Defendants. | CASE NO.: 2:17-cv-02683-JCM-VCF<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(Special Scheduling Review Requested)** |

Plaintiff Elizabeth Marcuse and Defendant The Lincoln National Life Insurance

Company ("Lincoln") jointly submit the following discovery plan and order for this case.

## I.    Rule 26(f) Conference.

In accordance with Fed. R. Civ. P. 26(f), a telephonic conference was held on January 19, 2018 between Andrew M. Kantor, counsel for the Plaintiff, and Anna Youssefi, counsel for Lincoln.  The parties agree that the standard discovery plan is not best suited for this lawsuit, for the reasons set forth below. The parties further certify, pursuant to LR 26-1(b)(7-8), that they have met and conferred regarding the possibility of using alternate dispute-resolution processes and alternate forms of case disposition including consent to trial by a magistrate judge and the use of the Short Trial Program. The provisions of LR 26-1(b)(9) do not apply as no jury trial is demanded in this matter.

## II.    Nature of Case and Purpose of Special Review.

This case involves a claim for payment of long-term disability benefits under a group insurance plan administered by Marcuse's employer, Acadia HealthCare (Plan Administrator) for the benefit of its employees. Acadia HealthCare delegated the administration of claims under the plan to Defendant Lincoln (Claims Administrator). The Plaintiff's complaint alleges a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), seeking, *inter alia*, reinstatement of long-term disability benefits terminated by Lincoln and payment of past benefits. This action is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. §§ 1132 (a)(1)(B)) and is based on the "administrative record," which in these types of ERISA actions is ordinarily the claim file maintained by the insurance claim administrator.

Since ERISA cases typically follow a more expedited litigation schedule in furtherance of the regulations promulgated thereunder, the parties jointly request that this Court review and adopt the proposed non-standard discovery and case schedule set forth below:

## III.    Proposed Plan

The parties have conferred and agree as follows:

**A.      Production of the Administrative Record:** Lincoln will disclose a copy of the ERISA administrative record by **March 2, 2018.**

**B.      Meet and Confer Period:** Marcuse contends that she is entitled to conduct discovery in this matter. Without limitation, anticipated discovery is as follows: A) If the matter is to be reviewed for abuse of discretion: (1) to ascertain whether there was a proper grant of discretionary authority to Defendants and/or the entity that made the claim determination, (2) on the nature, extent and effect, if any, of a conflict of interest on the benefit determination, (3) regarding the content, accuracy and scope of the claim file, (4) to develop facts necessary for the court to conduct an adequate review of the benefit decision, (5) to develop facts to establish a breach of fiduciary duty claim; or B) If the matter is to be reviewed de novo: 1) to develop evidence regarding the credibility of medical experts relied upon by Lincoln all as may be necessary for the Court to conduct an adequate de novo review of the evidence.  Accordingly, Marcuse will notify Lincoln by **June 1, 2018** as to the type of discovery and scope of discovery she contends is permissible and should be conducted, with reasonable specificity (including proposed written discovery where possible). The parties will then meet and confer with each other to (1) identify areas of agreement about permissible ERISA discovery; and (2) narrow the discovery requests, if possible, to gain agreement about permissible ERISA discovery and narrow areas of dispute about permissible areas of ERISA discovery.  Any discovery that the parties agree is permissible ERISA discovery shall be served by **September 28, 2018**.

Lincoln does not anticipate propounding any discovery and denies Plaintiff is entitled to the far-reaching discovery Plaintiff describes above.  Defendant contends that discovery is typically unnecessary and inappropriate in ERISA actions, which are tried on a closed administrative record.  Defendant thus does not concede that discovery is appropriate or permissible under the facts of this case, and reserves its right to object to any discovery propounded by Plaintiff.

**C.    Briefing re: ERISA Discovery Disputes:**  To the extent that, after the meet and confer period, the parties disagree as to the permissible scope of discovery and type of discovery, on or before **August 11, 2018** the parties will simultaneously brief the Court and request a ruling on any remaining disputes. Each party will set forth its position in no more than 10 pages.  If further discovery is permitted, the Court may set a reasonable time deadline for completion of discovery at that time.

**D.    Filing of ERISA Administrative Record and Briefing of the Merits of the Case:**  If no discovery briefs are filed under Paragraph III.C., above, on or before **August 11, 2018**, Defendant will file the redacted administrative record with this Court, the contents of which will be agreed upon by the parties.

The parties shall have until **November 27, 2018**, which is 60 days after the discovery cut-off date, to file dispositive motions.  If a joint administrative record is timely filed and simultaneous motions are not filed under Paragraph III.C., above, Cross-Motions under Rule 52 and/or Rule 56 Motion shall be filed by **November 16, 2018**.  Responses will be due on **December 7, 2018.**

If discovery motions are filed under Paragraph III.C., above, the deadlines set forth in this Paragraph III.D. will be suspended.  The parties will propose new deadlines after any discovery motion has been ruled upon, to take into account any additional discovery time permitted.

**IV.    Settlement.**

The parties intend to engage in early settlement discussions, and may agree to a mediation or settlement conference.

**V.    Pretrial Order**.

The pretrial order shall be filed by December 27, 2018, which is 30 days after the date set for filing dispositive motions in the case.  In the event a timely dispositive motion is filed,

the deadline to submit the pretrial order shall be suspended until 30 days after a decision on such motion is made.

**VI.     Fed. R. Civ. P. 26(a)(3) Disclosures.**

The disclosures required by FRCP 26(a)(3) Pretrial Disclosures are waived.

**VII.    L.R. 26-1(b)(8) Alternative Form of Case Disposition and Declination of Magistrate Judge Jurisdiction.**

The parties have considered trial by a Magistrate under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the Parties decline to have United States magistrate judge conduct all further proceedings in this case and hereby request that this case continued to be assigned to United States District Judge James C. Mahan.  The parties have also considered the use of the Short Trial Program and decline to participate in this program.

**VIII.   L.R. 26-1(b)(9) and Fed. R. Civ. P. 26(f)(3) (C) Discovery of Electronic Stored Information ("ESI").**

The parties anticipate this case will be resolved by way of a bench trial and do not anticipate any ESI issues would be implicated in this case at this time.  The Parties reserve the right to adjust their respective position regarding the ESI as discovery progresses.

**IX.     Fed. R. Civ. P. 26(f)(3)(D) Privilege Issues.**

Prior to discovery responses becoming due from either Party, the Parties agree to resolve whether a confidentiality agreement and protective order is necessary and present it to the Court for review and approval.

DATED:  2-5-2018                                          KANTOR & KANTOR, LLP


By:     /s/ *Andrew M. Kantor*
Andrew M. Kantor
akantor@kantorlaw.net
California Bar No.: 303093
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
*Attorney for Plaintiff MARCUSE*

DISCOVERY PLAN AND SCHEDULING ORDER (Special Scheduling Review Requested)                    5

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH

DATED: _2-5-2018

By: /s/ *Jonathan Carlson*
JONATHAN CARLSON, Nevada BN10536
jonathan.carlson@mccormickbarstow.com
MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH
8337 West Sunset Road, Suite 350
Las Vegas, NV 891113
Telephone: (702) 949-1100
Facsimile: (702) 949-1101

**IT IS SO ORDERED:**

Dated this _____ day of _____, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

DISCOVERY PLAN AND SCHEDULING ORDER (Special Scheduling Review Requested)          6