Julie A. Mersch
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
701 S.7th Street
Las Vegas, NV  89101
(702) 387-5868
Fax (702) 387-0109
jam@merschlaw.com

Andrew M. Kantor *(appearing pro hac vice)*
California Bar No. 303093
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272
akantor@kantorlaw.net

*Attorney for Plaintiff Elizabeth Marcuse*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH MARCUSE,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY AND GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ACADIA HEALTHCARE COMPANY, INC.,<br><br>Defendants. | CASE NO.: 2:17-cv-02683-JCM-VCF<br><br>**REVISED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(Special Scheduling Review Requested)** |

Plaintiff Elizabeth Marcuse and Defendant Lincoln National Life Insurance Company ("Lincoln") jointly submit the following REVISED discovery plan and order for this case.

REVISED DISCOVERY PLAN AND SCHEDULING ORDER (Special Scheduling Review Requested)          1

## I.    Rule 26(f) Conference.

In accordance with Fed. R. Civ. P. 26(f), a telephonic conference was originally held on January 19, 2018 between Andrew M. Kantor, counsel for the Plaintiff, and Anna Youssefi, counsel for Lincoln at the time. Mr. Kantor also conferred with Iwana Rademaekers, Lincoln's recently substituted counsel, between September 7, and September 29, 2018  The parties agree that the standard discovery plan is not best suited for this lawsuit, for the reasons set forth below. The parties further certify, pursuant to LR 26-1(b)(7-8), that they have met and conferred regarding the possibility of using alternate dispute-resolution processes and alternate forms of case disposition including consent to trial by a magistrate judge and the use of the Short Trial Program. The provisions of LR 26-1(b)(9) do not apply as no jury trial is demanded in this matter.

## II.    Nature of Case and Purpose of Special Review.

This claim involves payment of long-term disability benefits under a group insurance plan administered by Marcuse's employer, Acadia HealthCare (Plan Administrator) for the benefit of its employees. Acadia HealthCare delegated the administration of claims under the plan to Defendant Lincoln (Claims Administrator). The Plaintiff's complaint alleges a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), seeking, *inter alia*, reinstatement of long-term disability benefits terminated by Lincoln and payment of past benefits. This action is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. §§ 1132 (a)(1)(B)) and is based on the "administrative record," which in these types of ERISA actions is ordinarily the claim file maintained by the insurance claim administrator. This administrative record consists of the information that was before Defendant at the time of its final decision, which includes, inter alia, Plaintiff's medical records, Plaintiff's arguments for the payment of benefits, the Plan Administrator's and Claim Administrator's decisions, and the long-term disability plan documents.

Since ERISA cases typically follow a more expedited litigation schedule in furtherance of the regulations promulgated thereunder, the parties jointly request that this Court review and adopt the proposed non-standard discovery and case schedule set forth below:

### III.    Proposed Plan

The parties have conferred and agree as follows:

**A.    Production of the Administrative Record:** Lincoln produced a copy of the ERISA administrative record on March 2, 2018.

**B.    Meet and Confer Period:** Marcuse contends that she is entitled to conduct discovery in this matter. Without limitation, anticipated discovery is as follows: A) If the matter is to be reviewed for abuse of discretion: (1) to ascertain whether there was a proper grant of discretionary authority to Defendants and/or the entity that made the claim determination, (2) on the nature, extent and effect, if any, of a conflict of interest on the benefit determination, (3) regarding the content, accuracy and scope of the claim file, (4) to develop facts necessary for the court to conduct an adequate review of the benefit decision, (5) to develop facts to establish a breach of fiduciary duty claim; or B) If the matter is to be reviewed de novo: 1) to develop evidence regarding the credibility of medical experts relied upon by Lincoln all as may be necessary for the Court to conduct an adequate de novo review of the evidence.  Accordingly, Marcuse will notify Lincoln by November 1, 2018 as to the type of discovery and scope of discovery she contends is permissible and should be conducted, with reasonable specificity (including proposed written discovery where possible). The parties will then meet and confer with each other to (1) identify areas of agreement about permissible ERISA discovery; and (2) narrow the discovery requests, if possible, to gain agreement about permissible ERISA discovery and narrow areas of dispute about permissible areas of ERISA discovery. Any discovery that the parties agree is permissible ERISA discovery shall be served by December 15, 2018.

Notwithstanding Plaintiff's views on discovery, Lincoln does not concede that discovery is appropriate or permissible under the facts of this case.

**C.    Briefing re: ERISA Discovery Disputes:**  To the extent that, after the meet and confer period, the parties disagree as to the permissible scope of discovery and type of discovery, on or before January 14, 2019**,** the parties will simultaneously brief the Court and request a ruling on any remaining disputes. Each party will set forth its position in no more than 10 pages.  If further discovery is permitted, the Court may set a reasonable time deadline for completion of discovery at that time.

**D.    Filing of ERISA Administrative Record and Briefing of the Merits of the Case:**  If no discovery briefs are filed under Paragraph III.C., above, on or before January 14, 2019, Defendant will file the administrative record with this Court, the contents of which will be agreed upon by the parties.

If a joint administrative record is timely filed and simultaneous motions are not filed under Paragraph III.C., above, Plaintiff's Rule 52 and/or Rule 56 Motion shall be filed by April 16, 2019.  Defendant's response will be due on May 2, 2019, and Plaintiff's reply memoranda will be due May 16, 2019.

If discovery motions are filed under Paragraph III.C., above, the deadlines set forth in this Paragraph III.D. will be suspended.  The parties will propose new deadlines after any discovery motion has been ruled upon, to take into account any additional discovery time permitted.

## IV.    Settlement.

The parties conducted a private mediation on May 8, 2018, which did not result in settlement.  The parties intend to continue settlement discussions and may agree to a settlement conference at a later date.

DATED:  October 10, 2018          KANTOR & KANTOR, LLP


By:     /s/ Andrew M. Kantor
        ANDREW M. KANTOR
        akantor@kantorlaw.net
        California Bar No.: 303093
        Kantor & Kantor, LLP
        19839 Nordhoff Street
        Northridge, CA 91324
        *Attorney for Plaintiff ELIZABETH MARCUSE*


DATED:  October 10, 2018          LAW OFFICES OF IWANA RADEMAEKERS, P.C.


By:     /s/ Iwana Rademaekers
        IWANA RADEMAEKERS
        iwana@rademaekerslaw.com
        Texas Bar No. 22781
        Law Offices of Iwana Rademaekers, P.C.
        14785 Preston Road, Suite 550
        Dallas, Texas 75254
        *Attorneys for Defendant LINCOLN*


DATED:  October 10, 2018          LAW OFFICE OF GEORLEN K. SPANGLER


By:     /s/ Georlen Spangler
        Georlen Spangler, Esq.
        E-Mail: spanglerlaw@outlook.com
        Nevada Bar No. 3818
        Law Office of Georlen K. Spangler
        2620 Regatta Drive, Suite 102
        Las Vegas, Nevada 89128
        *Attorneys for Defendant LINCOLN*

**IT IS SO ORDERED:**

Dated this _____ day of _____, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

09736480\000135\108956559