Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

*Admitted Pro Hac Vice*
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH MARCUSE,<br><br>  Plaintiff,<br><br>  v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>  Defendant. | Case No. 2:17-CV-02683-JCM-VCF<br><br>**STIPULATION AND JOINT MOTION FOR STAY** |

Plaintiff Elizabeth Marcuse ("Plaintiff") and Defendant The Lincoln National Life Insurance Company ("Defendant") file this Stipulation and Joint Motion for Stay. In support hereof, the parties show the Court as follows:

1. This is a suit for long term disability ("LTD") benefits under an ERISA-governed employee benefit plan pursuant to 29 U.S.C. §1132(a)(1)(B).

2. During the pendency of this action, the parties have discussed options for potential settlement. However, counsel for the parties have come to the conclusion that this matter is

1

currently impossible to resolve pending the result of plaintiff's Social Security Disability Insurance ("SSDI") appeal.

3. Under the terms of Plaintiff's policy, if she qualifies under the definition of disability under the terms of the policy, she is entitled to receive a percentage of her monthly salary for as long as she remains eligible under the policy.

4. The policy also allows for that benefit amount to be reduced upon plaintiff's receipt of any other disability-related income; limited to but not including Social Security Disability benefits, as well as Social Security Disability Dependent benefits (a 50% "bonus" paid to individuals eligible for SSDI who have children under 18, or disabled adult children).

5. Counsel for the parties agree that if Plaintiff receives SSDI, the amount of benefits in dispute in this action reflects a fraction of the value of the total benefits in dispute if she were to not receive SSDI benefits.

6. The parties cannot resolve this matter without knowing how much money is actually in dispute, considering the extreme discrepancy between the two possible valuations.

7. Specifically, Defendants will not consider the possibility of engaging in settlement talks based on the higher evaluation, as its exposure could constitute only a fraction of that amount, and it has no reason to resolve the dispute if even a negative outcome during litigation would not cost Defendant as much as a potential settlement would in light of the higher valuation.

8. Conversely, Plaintiff cannot consider settling based on the lower valuation, as if she remains permanently disabled and is not awarded SSDI, but settles based on a valuation which assumes SSDI, she will waive away her rights to hundreds of thousands of dollars in potential LTD benefits, and be left without any source of income for the remainder of her life. Plaintiff cannot risk being placed in this devastating financial position.

9.      Counsel for the parties have agreed to postpone Defendant's discovery response due dates pending resolution of the SSDI matter, and have not yet lodged the joint administrative record.

10.     The parties previously requested, and the Court granted on October 31, 2019, a stay of this matter and a Status Conference is currently set for May 5, 2020.

11.     Plaintiff has appealed the Social Security Administration's decision to deny of disability benefits.  Since the previous Stipulation and Motion for Stay was filed and granted, the Social Security Administration has neither made a ruling on Plaintiff's appeal nor set the appeal for hearing.  It is likely that the delay is due, at least in part, to interruptions in the normal operations of the Social Security Administration due to actions regarding Covid-19.  As such, the parties remain unable to determine the value of the total benefits in dispute until such time as Plaintiff has received a decision on her appeal from the Social Security Administration.  The parties are optimistic that once the uncertainty regarding this issue is removed, a resolution of this matter will be reached by the parties.

12.     As such in order to avoid wasting the Court's resources unnecessarily, the parties request an additional stay of 180 days to give Plaintiff additional to resolve her SSDI appeal and for the parties to come to a resolution of this case and reset the Status Conference currently set for May 5, 2020, for a date after the expiration of the 180 days.

13.     If the decision is issued and the parties are able to resolve the matter within 180 days, the parties will submit a joint request for dismissal of this action.

RESPECTFULLY SUBMITTED this 4th day of May 2020.

              **KANTOR & KANTOR, LLP**

                /s/ Andrew M. Kantor
              Andrew M. Kantor , CA Bar No. 303093

3

*Admitted Pro Hac Vice*
Kantor & Kantor, LLP
19839 Nordhoff Street
Northridge, CA 91324
PH:  (818) 886-2525
Email: akantor@kantorlaw.net
*- and -*

**LAW OFFICE OF JULIE A. MERSCH**

Julie A. Mersch
Nevada Bar No. 004695
701 S. 7th Street
Las Vegas, NV 89101
Ph:  (702) 387-5868
Email:  jam@merschlaw.com

*Attorneys for Plaintiff*


**- AND -**


**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**


    /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
***Admitted Pro Hac Vice***
14785 Preston Road, Suite 550
Dallas, Texas 75254

*- and -*

**LAW OFFICE OF GEORLEN K. SPANGLER**

    /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone:  702.381.5830

*Attorneys for Defendant*

4

**IT IS SO ORDERED:**

Dated this _4th_ day of _May_ 2020.

_____
UNITED STATES MAGISTRATE JUDGE

IT IS HEREBY ORDERED that the hearing scheduled for May 5, 2020, is VACATED.

IT IS FURTHER ORDERED that a status hearing is scheduled for 10:00 AM, November 16, 2020, in Courtroom 3D.

5